## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG ARONOV, on behalf of himself and all others similarly situated, | Civil Case No.:   15-2516 |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SIMM ASSOCIATES, INC.; JH CAPITAL GROUP a/k/a/ JH PORTFOLIO DEBT EQUITIES, LLC.; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, OLEG ARONOV on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorneys, alleges against the above-named Defendants, SIMM ASSOCIATES, INC., (hereinafter "SIMM"); and JH CAPITAL GROUP a/k/a JH PORTFOLIO DEBT EQUITIES, LLC, (hereinafter "JH"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

- 1 -

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New York, County of Queens, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SIMM ASSOCIATES, INC. is a foreign corporation with it business located at 800 Pencader Drive, Newark, Delaware 19702.

8.      Upon information and belief, SIMM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      SIMM is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      JH CAPITAL GROUP a/k/a JH PORTFOLIO DEBT EQUITIES, LLC is a foreign business with it business located at 5757 Phantom Drive, Hazelwood, MO 63042.

11.      JH is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

12.     Upon information and belief, SIMM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due it itself or another.

13.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint

15.     This Action is properly maintained as a statewide class action. The Class consists of:

- All New York City consumers who were sent letters and/or notices from SIMM concerning a debtor owned by JH CAPITAL GROUP and/or JH Portfolio Debt Equities, LLC., which was beyond the applicable statute of limitation, and did not inform the consumer that the legal time for suing the consumer to collect the debt had expired, and/or

- Offer to settle the debt for less than the outstanding balance in one than one payment and did not inform the consumer that if he/she made a payment, that JH CAPITAL GROUP and/or JH Portfolio Debt Equities, LLC's, right to sue to make him/her pay the entire debt may start again.

- The Class period begins one year to the filing of this Action.

16.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.     Whether Defendants violated various provisions of the FDCPA;

    b.     Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL ALLEGATIONS**

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 16 U.S.C. §1692a(3).

18.     SIMM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

19.     SIMM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

20.     SIMM is considered a debt collector pursuant to the regulations of the New York City Department of consumer affairs.

21.     JH collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

22.     JH is a "debt collector" as defined by 15 U.S.C. §1692a(6).

23.     JH is considered a debt collector pursuant to the regulations of the New York City Department of consumer affairs.

24.     Sometime prior to September 30, 2010, Plaintiff allegedly incurred a financial obligation to CHASE BANK USA, N.A. ("CHASE").

25.     Sometime prior to September 30, 2010, the CHASE obligation became past due.

26.     CHASE is a "creditor" as defined by 15. U.S.C. §1692a(4).

27.     At sometime prior to January 23, 2016, CHASE, either directly or through intermediate transactions sold the CHASE obligation to JH.

28.     At some prior to January 23, 2016, JH purchased the CHASE obligation.

29.     At the time the CHASE obligation was sold to JH, such obligation was past due.

30.     At the time the CHASE obligation was sold to JH, such obligation was beyond the applicable statute of limitations.

31.     On or about December 1, 2014, JH placed the CHASE obligation with SIMM for the purpose of collection.

32.     At the time the CHASE obligation was placed with SIMM, such obligation was past due.

33.     At the time the CHASE obligation was place with SIMM, such obligation was beyond the applicable statute of limitations.

34.     At the time the CHASE obligation was place with SIMM, SIMM knew or should have known that such obligation was beyond the applicable statute of limitations.

35.     On or about January 23, 2015, Defendants caused to be delivered to Plaintiff a letter in an attempt to collect the CHASE obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

36.     The January 23, 2015 letter was sent or caused to be sent by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. §1692a(6).

37.     The January 23, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

38.     Upon receipt of the January 23, 2015, Plaintiff read said letter.

39.     Defendants contend that the alleged CHASE obligation is in default.

40.     The CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

41.     The January 23, 2015 letter contained the following statements:

> *** SETTLEMENT OFFER/PLEASE READ IMMEDIATELY ***
>
> This letter is to inform you of a special offer taking advantage of your refund to resolve the above referenced account at a SUBSTANTIAL COST SAVINGS!  We are presenting you with three options that will enable you to avoid further collection activity.
>
> Option 3: A settlement of 60% of your current balance in TWO PAYMENTS of $9,815.12 each.  The first payment must be received on or before 02/13/2015 with the second and final payment due by 03/13/2015.

42.     The January 23, 2015 letter did not inform Plaintiff that the CHASE obligation was beyond the applicable statute of limitation.

43.     The January 23, 2015 letter did not inform Plaintiff that the legal time for suing the consumer to collect the debt had expired.

44.      The January 23, 2015 letter did not inform Plaintiff that if he made the first payment pursuant to "Option 3", that JH Portfolio Debt Equities, LLC's, right to sue to make him pay the entire debt may start again.

## POLICIES AND PRACTICES COMPLAINED OF

45.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false representations or deceptive means to collect or attempt to collect the debt;

(b)     Falsely representing the character and/or legal status of the debt;

(c)     Using unfair or unconscionable means to collect or attempt to collect the debt; and

46.     On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the City of New York.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

47.     Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48.     Collection letters and/or notices such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.     Because the January 23, 2015, letter failed to contain the required information relating to the consumer's rights as to the statute of limitations, as required by Chapter 2 of title 20 of the administrative code of the City of New York, DCA 20-493.2(b) Defendants violated 15 U.S.C. §1692e(10) by using false deceptive and misleading means in connection with the collection of a debt.

50.     Defendants violated 15 U.S.C. §1692e(10) by not informing to Plaintiff, in the January 23, 2015 letter  that the applicable statute of limitations had expired on the CHASE obligation.

51.     Defendants further violated 15 U.S.C. §1692e(10) by not informing to Plaintiff that if he made the first payment pursuant to "Option 3" in the January 23, 2015 letter, that the statue of limitation may start and JH right to sue him to pay the entire debt may start again.

52.     The least sophisticated consumer upon reading the January 23, 2015 letter would be mislead and deceived into making the first payment of "Option 3" that would restart the statue of limitation without knowing such an event would happen.

53.     The least sophisticated consumer after making the first payment of "Option 3" would be in a worse position than not making a payment at all.

54.     Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and legal status of the debt.

55.     The least sophisticated consumer upon reading the January 23, 2015 letter, would believe that the debt was still enforceable in a court of law.

<strong>COUNT II</strong>

<strong>FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692<br>VIOLATION OF 15 U.S.C. §1692f <em>et seq.</em></strong>

56.     Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

57.     Section 1692f <em>et seq.</em> of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

58.     Because the January 23, 2015, letter failed to contain the required information relating to the consumer's rights as to the statute of limitations, as required by Chapter 2 of title 20 of the administrative code of the City of New York, DCA 20-493.2(b) Defendants violated 15 U.S.C.§1692f by engaging in unfair means to collect a consumer debt.

59.     Defendants violated 15 U.S.C. §1692f by not informing to Plaintiff, in the January 23, 2015 letter  that the applicable statute of limitations had expired on the CHASE obligation.

60.     Defendants violated 15 U.S.C. §1692f by not informing to Plaintiff that if he made the first payment pursuant to "Option 3" in the January 23, 2015 letter, that the statue of limitation may start and JH right to sue him to pay the entire debt may start again.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant on each count as follows:

(a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq., as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Pre-judgment interest;

(e)      Post judgment interest;

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        May 1, 2015

/s/ Joseph K. Jones
Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

/s/ Benjamin J. Wolf
Benjamin J. Wolf (BW-3338)
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT A

Department #519202
PO Box 1259
Oaks PA  19456

**SIMM** ASSOCIATES, INC.
800 PENCADER DRIVE
NEWARK DE 19702
866-572-9374

4626 - 6889

PERSONAL & CONFIDENTIAL
OLEG ARONOV

SIMM ASSOCIATES, INC.
P.O. BOX 7526
NEWARK DE 19714-7526

---

**Detach Upper Portion And Return With Payment**

January 23 2015                 ***IT'S TAX SEASON!!! HELP YOURSELF TODAY***
                      ***SETTLEMENT OFFER/PLEASE READ IMMEDIATELY***

**Owner of Debt:**                                          **Outstanding Balance:** $32,717.06
**Original Creditor:** CHASE BANK USA, N.A.                 **Principle:** $32,717.06
**Account Number:**                                         **Interest:** $0.00
**Charge off Date:** 09/30/2010                             **Cost:** $0.00
**SIMM Lat.#:**                                             **Fee:** $0.00

Dear OLEG ARONOV,

It's here again...TAX REFUND SEASON!  This letter is to inform you of a special offer taking full advantage of your refund to resolve the above referenced account at a SUBSTANCIAL COST SAVINGS!  We are presenting you with three options that will enable you to avoid further collection activity.

Option 1:  A settlement of 45% of your current balance in ONE PAYMENT of $14,722.68 that must be received in this office on or before 02/05/2015.

Option 2:  A settlement of 50% of your current balance in ONE PAYMENT of $16,358.53 that must be received in this office on or before 02/13/2015.

Option 3:  A settlement of 60% of your current balance in TWO PAYMENTS of $9,815.12 each. The first payment must be received on or before 02/13/2015 with the second and final payment due by 03/13/2015

If you are interested in taking advantage of one of these terrific opportunities you MUST contact our office as soon as possible at 866-572-9374.  When you call please inform our associate that you received the Tax Season Settlement Options Letter.

If we do not hear from you, we will be forced to assume that you do not intend to resolve your obligation and we will recommend that our client proceeds with further collection activity.

THIS IS A COST SAVINGS AND AN OPPORTUNITY TO RE-ESTABLISH YOUR CREDIT RATING, SO DON'T DELAY!  To ensure we receive your payment before this offer expires contact our office or use one of our convenient express payment methods on the back of this letter.

Sincerely,
Jeffrey S. Simendinger
866-572-9374

**\*\*PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT INFORMATION\*\***

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**A convenience fee may be assessed based on the method of payment. Please reference www.simmassociates.com/payment.htm**

TAXDB-DB Tax Letter_01012015

4626-TAXDB-6889